IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**LOWELL DEAN; JUAN ECHEGARAY;
JIMMY GOBLE; JAMES HALL; KENNETH LAWS;
ADAM MCCLUNG; MARSHALL MARTIN;
JIMMY MAYNARD, JR.; JOSHUA MEADE;
WALLACE MEADE, JR.; JOHNNY PAIGE;
JIMMY PAYNE; JERRY SHEPPARD, JR.;
ALBERT SMITH, II; BOBBY WARD; and
JEFFREY WOLFORD on behalf of themselves
and all others similarly situated,**

       **Plaintiffs,**

v.                                          Civil Action No. __2:13-2485__
                                                     Judge _____

**KENTUCKY FUEL CORPORATION, and
SOUTHERN COAL COMPANY, and
ANTHEM BLUE CROSS,**

       **Defendants.**

<u>**CLASS ACTION COMPLAINT**</u>

COME NOW THE PLAINTIFFS, individually and as representatives of the class defined herein (the "Class") and state for their Complaint in this matter as follows:

**I.   INTRODUCTION**

1. This is a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure. The plaintiffs and all Class Members are former employees of Kentucky Fuel Corporation ("Kentucky Fuel") who were employed in West Virginia. The Defendant Southern Coal Company is an affiliate of Kentucky Fuel Corporation and, upon information and belief, along with Kentucky Fuel Corporation was responsible for administration of the group health benefit plan sponsored by Kentucky Fuel. The Defendant Anthem Blue Cross and Blue Shield ("Anthem") was, in part, responsible for notifying Kentucky Fuel's former employees of their

rights to continue health care coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). The Complaint is an action to recover damages for the Plaintiffs and Class Members as a result of Defendants' failure to notify the Plaintiffs and Class Members of the availability of COBRA insurance coverage. The Class includes all former employees of Kentucky Fuel whose employment was terminated, and who participated in Defendants' Group Health Benefit Plan (the "Plan"). The Plan offered a variety of insurance coverage and options, and through this Complaint, the Plaintiffs, on behalf of themselves and others similarly situated, seek appropriate relief arising from Defendants' failures to provide timely notice.

2. The Plan is an "employee welfare plan" within the meaning of 29 U.S.C. § 1002(1) and an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). Kentucky Fuel involuntarily terminated the employees for whose benefit this class action is brought. It failed to provide notice, as required by ERISA (29 U.S.C. § 1161 *et seq.*) that COBRA coverage was available to involuntarily terminated employees. Kentucky Fuel was the "employer" within the meaning of ERISA and COBRA and, upon information and belief, Kentucky Fuel and Southern Coal Company were the "sponsors" of the plan. Upon information and belief, Kentucky Fuel, Southern Coal Company, or Anthem were the administrators of the Plan. Anthem was retained to notify employees of COBRA coverage rights. The identity of additional persons and legal entities who had responsibility for the notices required by ERISA and the breach of fiduciary duty described herein must be ascertained through discovery.

3. Plaintiffs, on behalf of themselves and all other persons similarly situated, bring this action for compensatory damages, including, but not limited to statutory penalties and other statutory enhancements, including attorneys' fees, for violations of ERISA and COBRA.

4. This Court has exclusive jurisdiction over matters alleged herein pursuant to 29 U.S.C. § 1132(e). The Court also has jurisdiction pursuant to 29 U.S.C. § 1132(f), which grants jurisdiction to United States District Courts, without respect to the amount in controversy or the citizenship of the parties, to grant the relief in the form of a statutory penalty for failure to give notice as herein alleged to a participant or beneficiary of a health insurance plan governed by ERISA.

5. Venue of this action is proper under 28 U.S.C. § 1391 in that substantially all of the events or omissions giving rise to the claims asserted herein occurred in the Southern District of West Virginia, the Defendants do substantial business in the District, and most of the Plaintiffs and Class Members reside in the District.

6. Plaintiffs are former employees of Kentucky Fuel and who ceased to be employed at Kentucky Fuel. Plaintiffs were not provided notice of eligibility for COBRA coverage with regard to the various insurance policies in effect at the time of their termination.

7. Defendant Kentucky Fuel is a Delaware corporation and at all times herein mentioned conducted business in Logan County, West Virginia.

8. Defendant Southern Coal Company is an affiliate of Kentucky Fuel and is listed as the employer on the late COBRA notice received by some Plaintiffs. (Southern Coal Company and Kentucky Fuel are collectively referred to as "Employer Defendants").

9. Plaintiffs allege that other persons or entities are also responsible for the matters giving rise to the cause of action alleged herein and that their role and identity must be ascertained through discovery.

## II. FACTUAL ALLEGATIONS

10. Plaintiffs are informed and believe that Kentucky Fuel employed between 50 and 60 people before January 14, 2012.

11. The Employer Defendants provided a group health benefit plan (the "Plan) for its employees. The employees were "beneficiaries" as defined in ERISA.

12. ERISA, 29 U.S.C. § 1161, requires that the plan sponsor of each group health care plan provide notice that each qualified beneficiary who would lose coverage under the Plan as a result of a qualifying event is entitled under the plan, to elect, within the election period, continuation coverage under the plan.

13. Pursuant to ERISA, 29 U.S.C. § 1161 *et seq.*, all qualified beneficiaries are eligible for COBRA insurance coverage for a period of 18 months after the date of termination. The provisions of ERISA require that Defendants notify all participants (and other qualified beneficiaries) of their eligibility for COBRA coverage if the participant is terminated (29 U.S.C. § 1166(4)).

14. ERISA provides for a discretionary $110.00 per day statutory penalty against those persons responsible for giving the COBRA notice of availability of continuing coverage (29 U.S.C. § 1132) for failure to give notice within 45 days of termination.[1] The penalty is payable to all qualified beneficiaries, including spouses and children. It is punitive in nature. It applies to any failure to notify a beneficiary of eligibility for COBRA within 45 days of the date of termination.

15. On or about January 14, 2012, Kentucky Fuel involuntarily terminated more than 50 employees, many of whom participated in the Plan. Defendants failed to notify the qualified

---

[1] The statute states that the maximum penalty is $100 per day. The amount was increased through regulatory action to $110 per day. *See* 29 C.F.R. 2577, 502C-1.

4

beneficiaries of their eligibility for COBRA coverage within the statutorily required time periods. Some Class Members received notice of their right to elect COBRA coverage well after the statutorily required time period. Other Class Members have not received any COBRA notice.

16. Upon successful conclusion of this litigation, Plaintiffs will be entitled to an award of reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(f).

### III. CLASS ALLEGATIONS

17. Plaintiffs seek relief pursuant to Federal Rule of Civil Procedure 23 on behalf of the following proposed class:

> Any employee of Kentucky Fuel (or qualified beneficiary of the plan) who was voluntarily or involuntarily terminated from employment, who was a plan participant, and to whom Defendants failed to give proper notice of COBRA coverage.

18. Plaintiffs reserve the right to refine the class definition in light of discovery and additional investigations.

19. The putative class is so numerous that joinder of all members is impractical.

20. There are questions of law and fact common to the putative class, which predominate over any question affecting only individual class members.

21. Plaintiffs' claims are typical of those of the putative class and all claims are based on the same legal and factual theories.

22. Plaintiffs will fairly and adequately protect the interests of the class.

23. A class action is a superior method for the fair and efficient adjudication of this particular claim and controversy.

24. The interest of putative class members in individually controlling and maintaining the prosecution of separate claims against the Defendants is small given the fact that they are

---
---
---
unlikely to be aware of their legal rights and the amount of actual damages they are entitled to receive.

25. The management of this class claim is likely to present no particular difficulties.

## COUNT I

### Failure to Notify Qualified Beneficiaries of Their Eligibility For COBRA as Required by ERISA.
### (Individual and class claim)

26. Plaintiffs, on behalf of themselves and the class members, incorporate and reallege all of the preceding paragraphs as if they were set forth fully herein.

27. Defendants were required by the provisions of ERISA to notify all qualified beneficiaries of the availability of COBRA insurance coverage within 45 days after the date of termination, but failed to give timely notice.

28. Plaintiffs seek compensatory damages, the statutory damages provided by 29 U.S.C. § 1132, and any other enhancement or damages that may be provided by law. Compensatory damages include monetary damages resulting from lack of insurance, and any other compensable damages that were proximately caused by the failure to give notice. Plaintiffs also claim attorneys' fees pursuant to 29 U.S.C. § 1132(f).

## COUNT II

### Equitable Relief in the Nature of Injunctive Relief
### (Individual and class claim)

29. Plaintiffs, on behalf of themselves and the class members, incorporate and reallege all of the preceding paragraphs as if they were set forth fully herein.

30. Based on the foregoing allegations, Plaintiffs allege that the Defendants are under a continuing duty to immediately give the notices required by COBRA for each Plaintiff and Class Member. By doing so, it can possibly mitigate damages resulting from lack of insurance

and can avoid continuing accrual of the maximum statutory penalty of $110 per day per class member. Plaintiffs request that, unless the Defendants immediately voluntarily comply with these legal requirements, the Court order Defendants to do so. Plaintiffs aver, however, that the damage already caused by failure to give the notice on a timely basis cannot be undone. Many of the Plaintiffs and Class Members are unemployed or persons of limited income who cannot afford to pay retroactively the premiums for COBRA coverage. Plaintiffs also seek an order compelling Defendants to provide retroactive medical benefits.

WHEREFORE, Plaintiff and the Class Members demand relief and judgment against Defendants, jointly and severally, for the following:

(a) An order certifying the Class as set forth herein, appointing Plaintiffs as Class Representatives and appointing undersigned counsel as counsel for the Class;

(b) Economic and compensatory damages in amounts to be determined at trial;

(c) Statutory penalty of $110 per day or each member of the Class for the maximum period of time allowed by law;

(d) Pre-judgment and post-judgment interest at the maximum rate allowable by law;

(e) Attorneys' fees and costs; and

(f) Such other, further, and different relief available under all applicable laws and any relief the Court deems just and appropriate.

Respectfully submitted,

Plaintiffs,

By Counsel

*/s/Rodney A. Smith*
Rodney A. Smith (WVSB #9750)
Jonathan R. Marshall (WVSB #10580)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
Phone: (304) 345-6555
Facsimile: (304) 342-1110
rsmith@baileyglasser.com
jmarshall@baileyglasser.com


*/s/Gregory B. Chiartas*
Gregory B. Chiartas (WV State Bar ID#715)
FREEMAN & CHIARTAS
Post Office Box 347
Charleston, West Virginia 25322
304/342-4508 (phone)
304/344-9401 (fax)
Greg@freemanandchiartas.com


*/s/Todd S. Bailess*
Todd S. Bailess (WVSB #10482)
Joy B. Mega (WVSB #9960)
Bailess Law, PLLC
227 Capitol Street
Charleston, WV 25301
Phone: (304) 342-0550
Facsimile: (304) 344-5529
bailesslaw@gmail.com
bailesslaw2@gmail.com

*Counsel for Plaintiffs*